**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____
**GAIL C. CRANDALL,**

                        **Plaintiff,**                     **1:10-cv-918
                                                                 (GLS\RFT)**

                        **v.**

**NEW YORK STATE DEPARTMENT OF
MOTOR VEHICLES; DAVID J. SWARTS,**
Commissioner of the NYS DMV; and **HON.
RONALD L. BROVETTO,** Town Justice
for the Town of Harpersfield, New York,

                            **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Jacobs, Jacobs Law Firm | ANDREW D. STAMMEL, ESQ. |
| P.O. Box 159 | |
| 31 Lake Street | |
| The Madison Building | |
| Stamford, NY 12167 | |
| **FOR THE DEFENDANTS:** | |
| *State Defendants* | |
| HON. ERIC T. SCHNEIDERMAN | ADELE M. TAYLOR-SCOTT |
| New York Attorney General | Assistant Attorney General |
| The Capitol | |
| Albany, NY 12224 | |
| *Hon. Ronald L. Brovetto* | |
| Office of Frank W. Miller | FRANK W. MILLER, ESQ. |
| 6575 Kirkville Road | |
| East Syracuse, NY 13057 | |

Rushmore, Mason Law Firm     GEORGE MARCUS, ESQ.
11 Harper Street
Stamford, NY 12167-1003

**Gary L. Sharpe**
**District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Gail C. Crandall brings this action under 42 U.S.C. §1983 against Ronald L. Brovetto, Town Justice for the Town of Harpersfield, the New York State Department of Motor Vehicles (DMV), and David J. Swarts, Commissioner of the DMV. (*See* Compl., Dkt. No. 1.) Crandall alleges that the suspension of her driver's license pursuant to New York's Prompt Suspension Law[1] violated her rights to due process and equal protection under the Fourth and Fourteenth Amendments. (*See id.*) Pending are (1) Crandall's application for an Order to Show Cause seeking a preliminary injunction to stay the suspension of her license, and (2) defendants' motions to dismiss or, in the alternative, for summary judgment. (*See* Dkt. Nos. 2, 12, 21.) For the reasons that follow, defendants' motions are granted and Crandall's motion is denied.

## II. Background

---

[1] N.Y. VEH. & TRAF. LAW § 1193(2)(e)(7).

A. **<u>New York's Prompt Suspension Law</u>**

"In an effort to reduce the incidence of drunk driving on New York's roadways, the State Legislature enacted the prompt suspension law ... which under certain circumstances mandates the suspension of a driver's license to operate a motor vehicle pending prosecution for driving while intoxicated." *Pringle v. Wolfe*, 88 N.Y.2d 426, 429 (N.Y. 1996). Specifically, at the time a person charged with driving while intoxicated (DWI) is arraigned, the court must suspend that person's license if it finds that "the accusatory instrument is sufficient on its face and [there is] reasonable cause to believe that the driver operated a motor vehicle with a blood alcohol level (BAC) of at least [0.08] as evidenced by the results of a chemical test." *Id.* at 429-30; N.Y. VEH. & TRAF. LAW § 1193(2)(e)(7)(b). If the court finds the criteria are satisfied, the driver is entitled to a *Pringle* hearing, which is a pre-suspension "opportunity to make a statement regarding [the two criterion] and to present evidence tending to rebut the court's findings." N.Y. VEH. & TRAF. LAW § 1193(2)(e)(7)(b); *see also Pringle*, 88 N.Y.2d at 432.

If suspension is ultimately deemed appropriate, the court is required to suspend the driver's license pending prosecution. If, however, a driver can demonstrate "extreme hardship," the Vehicle and Traffic Law

authorizes a "hardship privilege," which permits the driver to operate a vehicle for such limited purposes as traveling to or from employment, school, or necessary medical treatment.  *See* N.Y. VEH. & TRAF. LAW § 1193(2)(e)(7)(e).

## B.   Facts

On January 26, 2008, Crandall was stopped by New York State Trooper D.E. Marschilok and subsequently charged with (1) driving across hazard markings; (2) driving with greater than .08% blood alcohol content; and (3) driving while intoxicated.  *See* N.Y. VEH. & TRAF. LAW §§ 1128(d), §1192(2), 1192(3).  Crandall's criminal charges came before Town of Harpersfield Justice Ronald Brovetto.  During the arraignment, Crandall pled not guilty to each charge.  Justice Brovetto indicated that he would suspend Crandall's driver's license pending prosecution pursuant to the Prompt Suspension Law.  Thereafter, Crandall requested a *Pringle* hearing.

On May 1, 2008, Judge Brovetto conducted the *Pringle* hearing.  During the hearing, Crandall's attorney attempted to ask various questions, but the court sustained the prosecution's objections to the inquiries.[2]

---

[2] The questions included the manner in which the arresting officer conducted screening or field sobriety tests prior to administration of the Draeger breath analysis, repair history of the particular breathalyzer device, whether troopers placed the breathalyzer device in the proximity

Ultimately, Judge Brovetto ruled that the prosecution had satisfied its prima facie burden under *Pringle* and authorized the suspension of Crandall's driver's license pending prosecution.

### III. Standard of Review

The standards for judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56 are well established and will not be repeated here. For a full discussion of the standards, the court refers the parties to its previous opinions in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 217-18 (N.D.N.Y. 2010) (Rule 12(b)(6)) and *Bain v. Town of Argyle*, 499 F. Supp.2d 192, 194-95 (N.D.N.Y. 2007) (Rule 56).

### IV. Discussion

**A.  Judicial Immunity**

"Judges are granted absolute immunity for acts taken pursuant to their judicial power and authority ...." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). Because Crandall's claims against Judge Brovetto are based on acts taken pursuant to the Judge's judicial power and authority, the court dismisses those claims. *McCluskey v. N.Y. State Unified Court Sys.*, No. 10-CV-2144, 2010 WL 2558624, at *3 (E.D.N.Y. June 17, 2010)

---

of any electronic equipment that might have interfered with its readings, the manner in which the test was conducted, and physiological factors which might affect the test conducted. (*See* Compl. ¶ 19, Dkt. No. 1.)

("Courts may ... dismiss sua sponte claims that are barred by sovereign immunity or judicial immunity." (citing *Ex rel the Camardo Law Firm, P.C. v. Dep't of the Army*, No. 5:09-CV-654, 2010 WL 1935868, at *2 (N.D.N.Y. May 11, 2010)).  Accordingly, Judge Brovetto's motion to dismiss is granted.

B.     **Due Process Claims**

Crandall contends that her substantive and procedural due process rights were violated when her license was suspended.  Her contentions lack merit.  "In assessing whether a government regulation impinges on a substantive due process right, the first step is to determine whether the asserted right is 'fundamental.'"  *Leebaert v. Harrington*, 332 F.3d 134, 140 (2d Cir. 2003) (emphasis omitted).  "Rights are fundamental when they are implicit in the concept of ordered liberty, or deeply rooted in this Nation's history and tradition."  *Immediato v. Rye Neck Sch. Dist.*, 73 F.3d 454, 460-61 (2d Cir.1996) (internal quotation marks and citations omitted).  "Indeed, the right of an individual to drive a vehicle is not a fundamental right; it is a revocable privilege that is granted upon compliance with statutory licensing provisions."  *Haselton v. Amestoy*, No. 1:03-CV-223, 2003 WL 23273581, at *2 (D. Vt. Mar. 16, 2004) (internal quotation marks and citations omitted)).  Thus, to survive Crandall's substantive due

process challenge, the State need only show a rational basis for the Prompt Suspension Law. *See Yandow v. Kronau*, No. 1:09-cv-903, 2011 WL 282449, at *6 (N.D.N.Y Jan. 24, 2011). And as this court has previously held, the Prompt Suspension Law clearly passes muster. *Id.* at *6. Accordingly, Crandall's substantive due process claim is dismissed.

Next, Crandall contends that her procedural due process rights were violated because her counsel was unable to ask certain questions at the *Pringle* hearing and she lacked notice of New York's statutory scheme. As this court recognized in *Yandow*, "[a] *Pringle* hearing is a civil administrative proceeding which runs parallel to the criminal proceedings" and does not 'require the same level of due process protection as a criminal trial.'" *Id.* at *3 (internal quotation marks and citation omitted). Thus, while the issues Crandall's counsel sought to explore "are relevant ... at a criminal trial, and may ultimately bear on the determination of criminal culpability, they are beyond the scope of a *Pringle* hearing," and therefore need not be addressed in that context to satisfy due process requirements. *Id.* (internal quotation marks and citations omitted).

Crandall's contention that she lacked notice of New York's statutory scheme is belied by the record. The record reflects that Crandall requested and received a pre-suspension hearing. Moreover, the record

indicates that she obtained a hardship license so she could travel back and forth to work.[3]  Since the record makes clear that Crandall was well aware of her rights and exercised them accordingly, her allegation fails to state a claim.  Thus, Crandall's procedural due process claims are dismissed.

### C.     Equal Protection Claim

Finally, Crandall's contention regarding equal protection also lacks merit.  The Equal Protection Clause requires that state actors afford the same treatment to persons who are, for material purposes, similarly situated.  *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Here, Crandall contends that persons who plead guilty are treated more beneficially than persons who plead not guilty.  In particular, Crandall alleges that persons who plead guilty may obtain a twenty-day stay of suspension, while those who plead not guilty are subject to a thirty-day suspension, with the possibility of only a conditional or hardship license.

As the defendants correctly point out, Crandall has failed to state a case or controversy for review on equal protection grounds.  After all, Crandall was able to drive for approximately five months from the time of her arrest in January 2008 to the conclusion of her pre-suspension *Pringle*

---

[3] The court has taken judicial notice of Crandall's DMV records.  (*See* Adele Taylor-Scott Decl., Ex. A, Dkt. No. 21:2.)

hearing in May 2008.  Moreover, § 1193 of New York's Vehicle and Traffic Law specifically disqualifies second-time DWI offenders, like Crandall, from receiving the benefit of the twenty-day discretionary extension of the effective date of license suspensions.  Accordingly, Crandall's equal protection claim is dismissed.

### D.    Preliminary Injunction

Having dismissed Crandall's claims, her motion for preliminary injunction is denied as moot.

## V.    Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendant Brovetto's motion to dismiss (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that the State defendants' motion to dismiss (Dkt. No. 21) is **GRANTED**; and it is further

**ORDERED** that Crandall's motion for a preliminary injunction (Dkt. No. 2) is **DENIED** as moot; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 8, 2011
Albany, New York

_____
United States District Court Judge